## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LAURA NANCY CASTRO, et al., | § | |
| PLAINTIFFS, | § | |
| | § | |
| v. | § | Civil Action No. B-09-208 |
| | § | |
| MICHAEL T. FREEMAN, | § | |
| Port Director, U.S. Customs and Border | § | |
| Protection, Brownsville Port of Entry, et al., | § | |
| DEFENDANTS. | § | |

## OPPOSITION TO PLAINTIFFS' AMENDED MOTION TO DETERMINE THE SUFFICIENCY OF DEFENDANTS' RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION AND FOR COSTS

### INTRODUCTION

Defendants oppose Plaintiffs' amended motion to determine the sufficiency of Defendants' responses to Plaintiffs' first set of requests for admission and for costs ("amended motion") in this case.

Rule 36 of the Federal Rules of Civil Procedure allows parties to request admissions regarding the truth of any matters within the scope of Rule 26(b)(1), including ultimate facts, as well as applications of law to fact, or opinions about either.  Fed. R. Civ. P. 36; *see also In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001).  The scope of Rule 36 "allows litigants to winnow down issues prior to trial and thus focus their energy and resources on disputed matters."  *See In re Carney*, 258 F.3d at 419.  However, Rule 36 does not provide for requests for admission regarding pure legal conclusions.  *See Warnecke v. Scott*, 79 Fed. Appx. 5, 2003 WL 22391051, at *1 (5th Cir. Oct. 21, 2003), *citing* Wright, Miller & Cane, FEDERAL PRACTICE & PROCEDURE § 2255 & n.8 (2010) (collecting cases) ("requests for admissions are properly used for facts or facts as applied to law, not pure legal conclusions...."); *see also In re Carney*, 258 F.3d at 419.

In responding to requests for admission, a party must "specifically deny [them] or state in detail why the answering party cannot truthfully admit or deny."  Fed. R. Civ. P. 36(a)(4).  An answering party can qualify an answer or deny only part of a matter as long as the party specifies the part admitted and qualifies or denies the remainder of the request.  *Id.*  Further, "[w]here the

party served with an admission does not have, and could not obtain by reasonable inquiry, the information on whether the matter contained in the request was true or not, there exist 'other good reasons for the failure to admit.'" *Martin v. Mabus*, 734 F. Supp. 1216, 1234 (S.D. Miss. Feb. 27, 1990), *quoting* 8 C.A. Wright and A.R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2290 at 805-806 (1970).  If an answering party refuses to answer a request for admission, the requesting party may, as plaintiffs have done here, "move to determine the sufficiency of an answer or objection" under Fed.R.Civ.P. 36(a)(6).  A court may determine that an objection is justified, or it may order the responding party to answer the request. *Id.* Further, if a court finds that an answer does not comply with the federal rules, it "may order either that the matter is admitted or that an amended answer be served." *Id.*

In their amended responses to Plaintiffs' first set of requests for admission, Defendants objected where appropriate, and specifically denied each request for admission, except for RFAs 44-49.  Requests for admission 44 through 49 are not proper because they seek pure legal conclusions.  In response to some requests, Defendants qualified their denial by stating that they "made a reasonable inquiry but the information presently known or the information that can readily be obtained is insufficient to admit or deny the request."  Although the Southern District of Texas has not ruled on this issue, the Eastern District of Louisiana has held that where a party specifically denies a request for admission, the responses are sufficient under Rule 36, and do not sustain granting a motion under Rule 36(a)(6).  *See Unity Comm'ns Corp. v. AT & T Mobility LLC*, No. 2:03cv115-KS-MTP, 2009 WL 1262797 at *2 (E.D. La. May 6, 2009); *see also In re Katrina*, 2007 WL 1959193 at *3.  Moreover, Defendants' objections should be sustained.  *See Warnecke*, 2003 WL 22391051, at *1; *see also In re Carney*, 258 F.3d at 419.

## ARGUMENT

In their motion, Plaintiffs provide no evidence, nor can they, that Defendants failed to sufficiently respond to a single one of the requests for admission served on them.  Accordingly the Court should deny Plaintiffs' motion.

**A.    Defendants specifically denied many of the requests for admission at issue in Defendants' motion.**

Where a party specifically denies a request for admission, the responses are sufficient under Rule 36, and do not sustain granting a motion under Rule 36(a)(6). *See Unity Comm'ns Corp.*, 2009 WL 1262797 at *2; *see also In re Katrina*, 2007 WL 1959193 at *3. Plaintiffs seek an order from this Court deeming several of Defendants' specific denials insufficient; however, Rule 36(a)(6) does not provide for such relief. *Id.* Plaintiffs mischaracterize Defendants responses as lacking an admission or specific denial. Plaintiffs argue that their "RFAs all are capable of a 'simple yes or no answer.'" (Dkt. No. 135, p. 11.) Defendants provided such answers by specifically denying every one of Plaintiffs' requests for admission except for RFAs 44-49, which call for legal conclusions and are not proper under Rule 36. (*See* Dkt. No. 122.) Defendants' specific denials of these request are sufficient under Rule 36. *See Unity Comm'ns Corp.*,  2009 WL 1262797 at *2; *see also In re Katrina*, 2007 WL 1959193 at *3. Accordingly, Plaintiffs' motion should be denied.

More specifically, Plaintiffs allege that Defendants "refuse to admit or deny said request" regarding RFA No. 50. (Dkt. No. 135, p. 5.) The last sentence of Defendants' response to RFA No. 50, which Plaintiffs quote in full in their motion, reads: "Defendants have made a reasonable inquiry but the information presently known or the information that can readily be otained is insufficient to admit or deny the request, so Defendants deny the request for admission." (Dkt. No. 135, p. 4.) (emphasis added.) Defendants indicated that they lack sufficient information to admit or deny the request because Defendant Department of State does not create records in the ordinary course of business that contain this information. In order to verify this information, Defendant Department of State would have to go through every denied passport application since September 7, 2004, and determine whether (1) the individual had a facially valid Texas birth certificate, which (2) showed that the birth occurred with the aid of a midwife, and (3) the application was denied on the grounds that the applicant failed to meet his burden of proof that he was born in Texas. For this reason, Defendants objected to this request for admission as

-3-

unduly burdensome and overbroad and denied it because there is not sufficient evidence available to support an admission.  Further, this request is irrelevant, because it does not seek an admission to a material fact that relates to a specific claim of any plaintiff in this case.

Similarly Plaintiffs seek an order finding Defendants' objections to RFA 16 "without merit" and ordering Defendants to respond to RFA 16.  (Dkt. No. 135, p. 7.)  However, Defendants already responded to RFA 16 with a specific denial by stating the following: "Subject to, and without waiving their objections, Defendants deny the request for admission." (*See* Dkt. No. 122, p.7.)  In Part B of their motion, Plaintiffs challenge the sufficiency of Defendants responses to RFAs 17-23 ("Group I"), 24-28 ("Group II"), 29-35 ("Group III"), 36-40 ("Group IV"), and 50-52 ("Group V").  (*See* Dkt. No. 135, pp. 9-10.)  However, Defendants specifically denied every one of these requests for admission.  (*See* Dkt. No. 122, pp. 7-24, 28-31.)  Defendants' responses to all of these requests for admission are sufficient under Rule 36. Defendants' objections are proper, Defendants made reasonable inquiries in responding to plaintiffs' first set of requests for admission, and ultimately responded to each request. Plaintiffs' motion should be denied accordingly.  *See Unity Comm'ns Corp.*,  2009 WL 1262797 at *2; *see also In re Katrina*, 2007 WL 1959193 at *3.

**B.    Defendants' objections to Plaintiffs' requests for admission should be sustained because the requests for admission seek to elicit facts and information, not to narrow the material facts at issue for trial, and because Plaintiff provides no legal basis for overturning the objections.**

Responses that contain specific denials are not insufficient simply because Plaintiffs want more information or would prefer an admission.  Requests for admission are not principally discovery devices.  *See In re Katrina Canal Breaches Consolidated Litigation*, No. 05-4182, 2007 WL 1959193 at *1 (E.D. La. June 27, 2007).  Plaintiffs describe at length how RFAs 17-40 and 50-52 sought to elicit facts and information from Defendants.  (Dkt. No. 135, pp. 8-10.) "The purpose of allowing requests for admission is not, like other discovery devices, to elicit facts and information or obtain production of documents, but rather to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial."  *See*

-4-

*Denley v. Hartford Ins. Co. of the Midwest*, No. 07-4015, 2008 WL 2951926 at *8 (E.D. La. July 28, 2008), *citing* 7 James Wm. Moore, et al., MOORE'S FEDERAL PRACTICE ¶ 36.02[1], at 36-6-36-7 (3d ed. 2008).  Requests for admission "are not to be treated as substitutes for discovery processes to uncover evidence."  *People of State of Cal. v. The Jules Fribourg*, 19 F.R.D. 432, 436 (N.D. Cal. July 1, 1955).  Accordingly, federal courts disfavor when requests for admission breed additional litigation because one party is dissatisfied with the answer of the other.  *See Nat'l Semiconductor Corp. v. Ramtron Int'l Corp.*, 265 F. Supp. 2d 71, 74 (D.D.C. 2003).  The Court should sustain Defendants' objections because Plaintiffs admit that their requests for admission seek to elicit information.

Further, Plaintiffs provide no evidence, nor can they, that Defendants keep records in the ordinary course of business that provide the numerical data plaintiffs seek to elicit in their RFAs. Plaintiffs point only to unsupported allegations, hearsay from interested parties, or conclusory assertions to challenge Defendants' responses.  Defendants do not keep records in the ordinary course of business that provide the statistics Plaintiffs seek regarding individuals who apply for entry at ports of entry in Texas and Plaintiffs should not be allowed to use these RFAs as a fishing expedition to obtain this information.  Plaintiffs' provide no legal basis on which this Court should overrule Defendants' objections; accordingly the Court should deny Plaintiffs' motion.

**C.      The Court should sustain Defendants' objections to Plaintiffs' requests for admission Nos. 44-49 because they seek admissions to pure legal conclusions which is not provided for by Fed. R. Civ. P. 36.**

Plaintiffs' requests for admission 44-49 seek admissions pure legal conclusions. Therefore, the Court should sustain Defendants' objection to these requests and deny Plaintiffs' motion.[1]  Plaintiffs request that Defendants admit to their characterizations of the "positions" of

---

[1] Plaintiffs RFAs 44-49 read as follows:

**REQUEST FOR ADMISSION NO. 44:**

Admit that it is the position of the Department of Homeland Security that an applicant for

various governmental agencies with respect to generic factual situations.  Plaintiffs do not

reference a single fact alleged in the third amended complaint in one of these requests for

admission.  They are asking for pure legal conclusions.  Essentially, Plaintiffs are asking

Defendants to admit to their interpretation of various laws and regulations.  Such requests seek

admissions to legal conclusions regarding pure matters of law, and are not permitted by the

Federal Rules of Civil Procedure.  *See Warnecke*, 2003 WL 22391051, at *1; *In re Carney*, 258

F.3d at 419; *see also Lakehead Pipe Line Co. v. American Home Assur. Co.*, 177 F.R.D. 454,

---

entry with facially valid documents indicating birth in the United States, but whose U.S.
citizenship is questioned by the examining officer, has no right to counsel while detained at a
port of entry unless criminal charges are contemplated.

**REQUEST FOR ADMISSION NO. 45:**
Admit that where the U.S. citizenship of an applicant for entry with facially valid
documents indicating birth in the United States, is questioned by the examining officer, it is the
position of the Department of Homeland Security that even if an attorney arrives during the
questioning of said applicant, and represents that s/he is the applicant's attorney, the examining
officer need not allow the attorney to speak with the applicant, or inform the applicant that an
attorney has arrived who claims to represent him/her.

**REQUEST FOR ADMISSION NO. 46:**
Admit that it is the position of the Department of State that in an action under 8 U.S.C.
§1503, the Court must resolve all doubts in favor of the United States.

**REQUEST FOR ADMISSION NO. 47:**
Admit that it is the position of the Department of Homeland Security that in an action
under 8 U.S.C. §1503, the Court must resolve all doubts in favor of the United States.

**REQUEST FOR ADMISSION NO. 48:**
Admit that it is the position of the Department of Justice that in an action under 8 U.S.C.
§1503, the Court must resolve all doubts in favor of the United States.

**REQUEST FOR ADMISSION NO. 49:**
Admit that it is the position of the Department of State that where an application for a
U.S. passport is based on a facially valid Texas birth certificate showing birth with the aid of a
midwife, the adjudicator may consider the fact that the midwife's name appears on a Department
of State list of suspicious or convicted midwives in deciding whether or not to grant the
application.

458 (D. Minn. 1997) (denying motion under Rule 36(a)(6) in which party objected to admissions that sought "to have the Plaintiffs ratify what are, in essence, the legal conclusions that the Defendants have attached to the operative facts of the case."); *U.S. v. Block 44, Lots 3, 6, Plus West 80 Feet of Lots 2 and 5,* 177 F.R.D. 695, 696 (M.D. Fla. 1997) (finding a request for admission regarding the burden of proof in a case called was improper because it involved "a substantial legal issue in dispute and deserves full consideration by the Court after proper briefing").  The Court should uphold Defendants' objections and deny plaintiffs' motion.

## CONCLUSION

WHEREFORE Defendants respectfully request this Court deny Plaintiffs' Motion to Compel.

TONY WEST
Assistant Attorney General
Civil Division

ELIZABETH J. STEVENS
Assistant Director, Office of Immigration Litigation
District Court Section

 /s/ Julie S. Saltman
JULIE S. SALTMAN
Trial Attorney
United States Department of Justice
Office of Immigration Litigation
District Court Section
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
Tel: (202)532-4252; Fax: (202)305-7000
julie.saltman@usdoj.gov

JOSÉ ANGEL MORENO
UNITED STATES ATTORNEY

VICTOR RODRIGUEZ, JR.
Assistant United States Attorney
1701 W. Business 83, Suite 600
McAllen, Texas 78501
(956) 618-8010
(956) 618-8016 (fax)

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on March 11, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel for Plaintiffs:

Lisa S. Brodyaga
REFUGIO DEL RIO GRANDE
17891 Landrum Park Road
San Benito, TX 78586

Jaime M. Diez
JONES & CRANE
P.O. Box 3070
Brownsville, TX 78523

Attorneys for Plaintiffs

  s/ Julie S. Saltman
JULIE S. SALTMAN
Trial Attorney, District Court Section
U.S. Department of Justice, Civil Division